PER CURIAM.
Metropolitan Casualty Insurance Company seeks certiorari review of an order of the circuit court, sitting in its appellate capacity. The circuit court affirmed the county court’s ruling that, under the PIP statute, a provider of emergency services, such as Emergency Physicians of Central Florida, LLP, that timely submits its bill within the thirty-day window contemplated by section 627.736(4)(c), Florida Statutes (2011), is entitled to have its bill paid, regardless of the existence of a deductible in the insured’s insurance contract. Rejecting the position advocated by the healthcare provider, this' Court recently quashed an identical order in Mercury Insurance Co. v. Emergency Physicians of Central Florida, 40 Fla. L. Weekly D2364, 182 So.3d 661, 2016 WL 6022040 (Fla. 5th DCA Oct. 23, 2015), reasoning:
In sum, reading the two statutory provisions together leads to the inescapable conclusion that the $500 deductible was correctly applied to EPCF’s $191 bill. The plain language of the two sections is not in conflict and provides that, where •an emergency service provider submits its claims within the 30-day reserve period provided in section 627.736(4)(c), those claims will be prioritized for payment; however, any such payment will be subject to any deductibles that exist in the insurance contract between the insured and the insurer. Under these circumstances, it was a departure from the essential requirements of the law for the circuit court to affirm the county . court’s order.
Id. at D2366-67. • As in Mercury Insurance, 182 So.3d 661, 2015 WL 6022040 we grant the writ and quash the circuit court’s order.
CERTIORARI GRANTED; ORDER QUASHED.
ORFINGER, COHEN and EDWARDS, JJ., concur.